IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY,<br><br>    Defendant Below,<br>    Appellant,<br><br>    v.<br><br>GUARANTEED RATE, INC.,<br><br>    Plaintiff Below,<br>    Appellee. | §<br>§<br>§ No. 357, 2021<br>§<br>§<br>§ Court Below—Superior Court<br>§ of the State of Delaware<br>§<br>§ C.A. No. N20C-04-268<br>§<br>§<br>§<br>§ |

Submitted:  November 17, 2021
Decided:   November 19, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the notice of interlocutory appeal, the supplemental notice of interlocutory appeal, and the exhibits attached thereto, it appears to the Court that:

(1)    This interlocutory appeal arises from an insurance coverage dispute. Plaintiff below-appellee Guaranteed Rate, Inc. ("GRI"), an underwriter and issuer of federally-insured mortgage loans, had a Private Company Management Liability Policy with defendant-below appellant ACE American Insurance Company

("ACE").[1]  After receiving a Civil Investigative Demand ("CID") on June 27, 2019, GRI gave notice of the CID to ACE on July 8, 2019. [2]  ACE denied that the CID constituted a claim under the policy and declined to advance defense costs.[3]  On April 30, 2020, GRI filed a breach of contract and bad faith action against ACE and other insurers in the Superior Court.

(2)     GRI filed a motion for partial judgment on the pleadings regarding three issues: (i) whether the CID was a claim first made during the policy period; (ii) whether policy exclusions, including the Professional Services Exclusion, negated ACE's obligation to advance GRI's defense costs; and (iii) whether ACE breached the policy by refusing to treat the CID as a claim and refusing to advance GRI's defense costs.[4]  ACE filed a cross-motion for judgment on the pleadings, arguing that: (i) the Professional Services Exclusion barred coverage under the D&O part of the policy; (ii) GRI had not pleaded a claim for loss under the Employment Practices Liability Coverage  part ("EPL") of the policy; and (iii) the bad faith claim should be dismissed.[5]

---

[1] *Guaranteed Rate, Inc. v. ACE Am. Ins. Co.*, 2021 WL 3662269, at *1 (Del. Super. Ct. Aug. 18, 2021).
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*

(3)     In a decision dated August 18, 2021, the Superior Court granted GRI's motion and denied ACE's motion.[6] The Superior Court held that the CID fell within the definition of a claim under the policy, the claim was first made during the policy period, and the July 8, 2019 notice triggered ACE's obligation to advance defense costs under the D&O part of the policy.[7] The court also concluded that the Professional Services Exclusion did not preclude coverage under the policy and that GRI stated a claim for coverage under the EPL.[8] Finally, the Superior Court found there were questions of fact that made it premature to decide the bad faith claim.[9] ACE filed a motion for reargument, which the Superior Court denied.

(4)     On October 21, 2021, ACE filed an application for certification of an interlocutory appeal. ACE sought interlocutory review of two of the Superior Court's rulings: (i) that the July 28, 2019 notice triggered ACE's obligation to advance defense costs; and (ii) that the Professional Services Exclusion did not apply to prevent coverage. GRI opposed the application for certification.

(5)     On November 16, 2021, the Superior Court denied the application for certification. The court found that the interlocutory decision determined a substantial issue of material importance. Considering the Rule 42(b)(iii) criteria

---

[6] *Id.* at *5.
[7] *Id.* at *2-3.
[8] *Id.* at *3-4.
[9] *Id.* at *4-5.

3

identified by ACE, the Superior Court concluded that the interlocutory decision did not decide a question of law resolved for the first time in Delaware (Rule 42(b)(iii)(A) that was sufficient to warrant interlocutory review and that interlocutory review would not terminate the litigation (Rule 42 (b)(iii)(G) because the EPL and bad faith claims would remain. Finally, the Superior Court found that the likely benefits of interlocutory review would not outweigh the inefficiency, disruption, and probable costs.

(6)    We agree with the Superior Court that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the Court.[10] In the exercise of its discretion and giving due weight to the Superior Court's analysis, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's interlocutory opinion do not exist in this case,[11] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[12]

---

[10] Supr. Ct. R. 42(d)(v).
[11] Supr. Ct. R. 42(b)(ii).
[12] Supr. Ct. R. 42(b)(iii).

4

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice